UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICAH L'MINGGIO, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-00571-WTL-DLP |
| WEXFORD HEALTH, et al. | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Micah L'Minggio, an inmate at the Wabash Valley Correctional Facility (WVCF), brings this action pursuant 42 U.S.C. § 1983 alleging that he has received inadequate medical care.

**I. Screening Standard**

Because L'Minggio is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

L'Minggio alleges that, while he has been housed at WVCF, he has complained regularly of pain in his foot, believing this pain to be caused by a "broken screw." The defendants have not provided L'Minggio with adequate care, including a referral to a specialist, for this condition.

Based on the screening set forth above, L'Minggio's claims **shall proceed** as follows: his claims that he has not received treatment for his painful foot condition **shall proceed** against Dr. Samuel Byrd, Dr. Carl Kuenzli, Dr. Mary Chavez, and Barbara Riggs as claims that these defendants were deliberately indifferent to L'Minggio's serious medical needs in violation of his Eighth Amendment rights. The claims against Corizon Health and Wexford Health **shall proceed** as claims that these defendants maintained a policy or practice that resulted in the violation of his Eighth Amendment rights.

The claims against Richard Brown, Brenda Hinton, and Karen Richards are **dismissed**. L'Miniggio alleges that, by preventing him from using the law library and not providing him with forms, these defendants have denied him access to the courts. To prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). L'Minggio makes no such claim here. The **clerk shall terminate** Richard Brown, Brenda Hinton, and Karen Richards as defendants.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 30, 2018,** in which to identify those claims.

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/2/18

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Micah L'Minggio
198566
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Corizon Health
103 Powell Court
Brentwood, TN 37027

Wexford Health Sources
501 Holiday Drive
Foster Plaza Four
Pittsburgh, PA 15220

Dr. Samuel Byrd
EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Carl Kuenzli
EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Mary Chavez
EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Barbara Riggs
EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Courtesy Copy to:

Jeb Crandall
BLEEKE DILLON CRANDALL
ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204